[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO COMPEL (No. 130.00)
The court has had an opportunity to review its decision and its comprehensive plan of asset division. It is clear to this court that its orders intended to divide the assets and the income of the parties in what it perceived to be a fair and equitable manner. The court has rereviewed its language and finds that some of it is apparently confusing based on the motions that have been filed post judgment in this case. The court states in declarative language the following:
1. That it gave the wife a 60 per cent split of the equity in the house and a 40 per cent split of the equity to the husband to further the court's plan of division of assets and income.
2. It gave the wife the first $100,000.00 of the sales proceeds of the house to further the court's plan of division of assets and income.
3. The court intended to treat the IBM retirement benefits as shown on Exhibit G as an income item so that the husband would have the benefit of the use of that in order to pay to the wife the alimony ordered by this court as an unallocated amount of $35,000.00 per year. The court did not make an order of durational alimony since it contemplated lifetime alimony as long as the wife did not CT Page 6626 do anything as provided for in paragraph 21 of the memorandum of decision. It was contemplated by this court in this order that the husband would have the use of the IBM retirement funds when they were received but that, on his death, the wife would have whatever survivorship benefits she was entitled to. So that if there was a way for her to receive 100 per cent of the retirement benefits on the husband's death, that was what this court contemplated would happen.
4. The court further contemplated that the tax deferred savings plan (TDSP as shown on Exhibit C) was to be divided equally between the parties. It was to be given to the wife equally, but it was contemplated by this court that the payments received by the wife would be a credit against the alimony payments. This court was led to believe, based on the testimony, that no lump sum payment was available, but rather it had to be taken out on a periodic basis; thus, the example as set forth in paragraph 15 of the memorandum of decision. The division of this as an equal payment to the wife was intended by this court to be a security device for alimony payments.
5. In the event of the wife's remarriage or the happenings under paragraph 21 before the T.D.S.P. is paid out, she will still receive her one half interest in the T.D.S.P. as the husband receives it.
6. The future earnings of this man at this point are uncertain. What we do know is that at some point he will receive an IBM retirement benefit out of which he will be able to pay alimony, and we know that he will be able to, at some point, receive one half of the IBM tax deferred savings plan out of which he will be able to pay alimony.
7. This court has treated the monthly IBM retirement benefits as shown on Exhibit G as income rather than an asset to further the court's plan of division of assets and income.
Accordingly, the effect of the order of this court was as follows:
1. The wife is to have a survivorship benefit in the monthly IBM retirement benefit as shown on Exhibit G but to have no present interest in it except as hereinbefore set forth.
2. In the event of any of the happenings provided for in paragraph 21 of the memorandum of decision take place, the wife will receive no payments under the IBM retirement plan shown on Exhibit G. CT Page 6627
3. The wife is to have a one half interest in the IBM tax deferred savings plan as shown on Exhibit C.
4. Any payments received by the wife from the IBM tax deferred savings plan as shown on Exhibit C are to be credited against the husband's periodic alimony obligations. Said amounts are payable to the wife even after her remarriage as hereinbefore set forth in paragraph five.
5. Whatever is needed to implement this, the parties should work out. If they are unable to work it out, they may petition this court for further relief. This court attempted to set up the vehicle to do this, but apparently, it has created confusion not only in implementation but in understanding.
Accordingly, the motion to compel in its present form is denied.
EDWARD R. KARAZIN, JR., JUDGE